LARIVIERE, GRUBMAN & PAYNE, LLP
Robert W. Payne, Esq. (Ca Bar No. 073901)
Brent A. Capehart, Esq. (Ok Bar No. 17847) *Pro Hac Vice*
James C. Schroeder, Esq. (Wa Bar No. 32149) *Pro Hac Vice*
19 Upper Ragsdale Drive, Suite 200
Monterey, CA 93942-3140
Telephone: (831) 649-8800

Attorneys for Plaintiff
MONSTER CABLE PRODUCTS, INC.

E-Filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONSTER CABLE PRODUCTS, INC.,
a California corporation,

     Plaintiff,

vs.

BUTLER CHEMICAL, LLC, a New York
limited liability company; and DOES
1 through 50 inclusive,

     Defendants.

Case No. C-04-1034 EMC

STIPULATION AND
PROTECTIVE ORDER

## STIPULATION

The parties hereto, through their respective counsel, hereby stipulate to the following protective order:

1. This order shall govern any designated record of testimony given at any deposition in this action, as well as all designated answers, documents, and other discovery materials produced by the parties, whether informally or in response to interrogatories, requests for admissions or request for production of documents, now pending or hereafter, and any information obtained therefrom (hereinafter referred to as "designated material").

2. Any party to this action (hereinafter the "designating party" or the "producing party") shall have the right to designate at any time as confidential any information it believes to constitute proprietary information, confidential business information and/or trade secrets relating to its

STIPULATED PROTECTIVE ORDER
Page 1

business. Further, any party may designate that information or documents produced by a non-party be covered by this Order by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days before or after receiving such information or documents.

3. This protective order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to such information. The fact that information is designated as confidential under this protective order shall not determine or affect what a trier of fact may find to be confidential or proprietary. In the absence of a stipulation of all the parties, the fact of such designation shall not be admissible, nor shall the trier of fact be advised of such designation, during the trial of this action. However, testimony at trial by the parties and/or witnesses may be limited accordingly.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression on each page of a copy of the document which the designating party wishes to designate as confidential, or otherwise clearly so designated. Such stamp shall say either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY," as the designating party may direct. The aforesaid designation as to portions of a deposition shall be effected by such oral designation at the time of the deposition or by written notice to the reporter and all counsel of record, given promptly after the transcript is received or filed by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. In the event that one party or producing non-party designates material as "CONFIDENTIAL" and another party or producing non-party designates as "CONFIDENTIAL -- ATTORNEYS ONLY," latter or more restrictive designation shall apply.

5. The designating party shall have the right to have the following person(s) excluded from a deposition before the taking therein of testimony which the designating party designates as subject to this order: (1) as to testimony designated "CONFIDENTIAL", all persons except counsel of record, the deponent and parties (or a designated representative thereof), (2) as to testimony designated "CONFIDENTIAL -- ATTORNEYS ONLY," all persons except counsel of record and

the deponent.

6. Access to all stamped documents, whether marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY," which documents have been produced for inspection or otherwise received by counsel pursuant to pretrial discovery, shall be in the first instance limited to counsel of record only and their regularly employed office staffs. No copies of designated materials shall be made or shared with the party represented by the receiving counsel, except as otherwise provided in this order.

7. All documents and materials filed with the court, including, inter alia, transcripts of depositions, exhibits, answers to interrogatories, briefs and memoranda which comprise or contain designated material or information taken therefrom shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

> "This envelope contains documents subject to a protective order entered in this action. It is not to be opened nor the contents thereof to be displayed, revealed or made public, except by order of the court."

In addition, all such filings must be in compliance with Northern District of California Civil Local Rule 79-5 governing sealed or confidential documents.

8. No such sealed envelope shall be opened without an order from the court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to them.

9. Procedure for disclosure of material designated "CONFIDENTIAL": Except with respect to deposition testimony given in the presence of a party or designated representative as provided in paragraph 5, material designated "CONFIDENTIAL" may be disclosed, on a need-to-know basis, to officers, directors or employees of parties, and to experts whose technical advice and consultations are being or will be used in connection with the present litigation.

10. Procedure for use of material designated "CONFIDENTIAL --ATTORNEYS ONLY": Access to material so designated shall be limited to the persons set forth in paragraph 6 hereof.

STIPULATED PROTECTIVE ORDER
Page 3

11. In addition to the foregoing, in no event shall any material designated as "CONFIDENTIAL" be disclosed to any person, other than the parties and persons specified hereinabove, until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this order in the form annexed hereto as Exhibit A, or has acknowledged and agreed to be bound by the terms of this order on the record of his or her deposition; and provided that the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

12. No person may disclose, in public or private, designated material except as set forth in this order; but nothing contained in the order shall affect the right of any designating party to disclose to its own officers, directors, employees or experts information designated solely by it as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY," nor shall these restrictions otherwise be applicable to a party's own information or documents.

13. The parties, counsel of record and their regularly employed staffs shall be bound by the terms of this order. <u>No person shall use any designated material or information derived from it for purposes other than this litigation.</u>

14. No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

15. Nothing in the foregoing provisions of this protective order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection than designated. In the event that any party designates matter for protection hereunder which is later found not entitled to such protection, the court may, on a motion for relief from any such designation, award to the moving party its costs and fees resulting therefrom, if it finds that such designation was made without substantial justification.

16. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all designated material, including all copies thereof, to the party from whom the designated material was obtained.

The producing party shall acknowledge receipt of such material in writing.

17. No part of the restrictions imposed by this order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this court for good cause shown. The termination of this action shall not automatically terminate the effectiveness of this order.

18. Nothing in this Order and Agreement shall prevent either party from raising objections on any ground (except confidentiality) to the production of documents or responses or the admission of evidence in a Proceeding.

LARIVIERE, GRUBMAN & PAYNE, LLP

Dated: July 27, 2005

By _____
Robert W. Payne
Brent Capehart, *Pro Hac Vice*
James C. Schroeder, *Pro Hac Vice*
Attorneys for Plaintiff
MONSTER CABLE PRODUCTS, INC.

Dated: July 26, 2005

HAIGHT BROWN & BONESTEEL LLP

By _____
Daniel J. Kelly
Attorneys for Defendant
BUTLER CHEMICAL, LLC

PROTECTIVE ORDER

Pursuant to the above stipulation, IT IS SO ORDERED.

Dated: 8/2/05

_____
UNITED STATES ~~DISTRICT COURT JUDGE~~
MAGISTRATE

///

STIPULATED PROTECTIVE ORDER
Page 5

1
2                              EXHIBIT A
3
                    AGREEMENT RE PROTECTIVE ORDER
4
5        The undersigned hereby acknowledges that he (she) has read the attached Protective Order,
6  entered in the United States District Court for the Northern District of California, in action
7  C 04-1034 EMC, understands the terms thereof and agrees to be bound by such terms.
8
   Dated: _____           _____
9                                              (Signature)
10
11                                 _____
                                   (Type or Print Name of Individual)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER
Page 6

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action. My business address is 19 Upper Ragsdale Drive, Suite 200, Monterey, California, 93942. On July 27, 2005, I served the following documents:

1. **STIPULATION AND PROTECTIVE ORDER**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Daniel J. Kelly, Esq.
L. Julius M. Turman, Esq.
HAIGHT BROWN & BONESTEEL, LLP
100 Bush Street, 27th Floor
San Francisco, CA 94104-3967

__X__ **MAIL** I caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addresses(s) designate(d) I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of businesses.

____ **HAND DELIVERY**: I caused such envelope(s) to be delivered by hand to the addressee(s) designate(d)

____ **BY FACSIMILE**: By use of facsimile machine telephone number (XXX) XXX-XXXX, I served a copy of the within document on the below parties at the facsimile number liste(d) The transmission was reported as complete and without error.

__X__ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 27, 2005 at Monterey, California.

_____
Larissa Sison